UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

Biopelle, Inc., a Michigan
Corporation,

                Case No.
                Hon.

        Plaintiff,

v.

VitaMedica Corporation, a California
Corporation,

        Defendant.

_____/

JOELSON ROSENBERG, PLC
By: David W. Warren (P32449)
Emily R. Warren (P76675)
Attorneys for Plaintiff
30665 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 855-2233; f (248) 855-2388
dwarren@jrlawplc.com
ewarren@jrlawplc.com

_____/

## VERIFIED COMPLAINT

### PARTIES, JURISDICTION, VENUE

1.      Plaintiff Biopelle, Inc., is a Michigan corporation with its registered office located at 780 W. Eight Mile Road, Ferndale, MI 48220.

2.      Defendant VitaMedica Corporation ("VitaMedica") is a California corporation with its registered office located at 946 10th Street, Manhattan Beach, CA 90266.

3.      Biopelle's Auriderm products are skincare products sold by Biopelle directly to dermatologists and plastic surgeons.

4.      Biopelle offers Auriderm products for sale to dermatologists, plastic surgeons, and other skincare professionals throughout the United States.

1

5.      VitaMedica products are offered for sale directly to consumers online at vitamedica.com, as well as to dermatologist, plastic surgeons, and other skincare professionals.

6.      VitaMedica products may be shipped to consumers anywhere in the United States, including Michigan. (Exhibit A, vitamedica.com, Customer Service, "Shipping Information").

7.      This Court has subject matter jurisdiction over Biopelle's Lanham Act claims pursuant to 15 USC § 1121 and 28 USC § 1331 and 1338(a).

8.      This Court has supplemental jurisdiction over Biopelle's state law claims pursuant to 28 § USC 1367 in that the state law claims are integrally related to Biopelle's federal claims and arise from a common nucleus of operative facts such that the administration of Biopelle's state law claims with its federal claims furthers the interest of judicial economy.

9.      This Court has personal jurisdiction over VitaMedica pursuant to Michigan's long-arm statutes, MCL § 600.711 and/or MCL § 600.715.

10.     Michigan permits the exercise of jurisdiction over foreign corporations where the claims in the lawsuit arise out of the transaction of any business within the state. MCL § 600.715(a).

11.     According to VitaMedica's website, at least six physicians in Michigan offer VitaMedica products. (Exhibit B, vitamedica.com, Physician Locater).

12.     VitaMedica products are offered at locations within the State of Michigan in Dearborn, Troy, Bloomfield Hills, Shelby Township, and Lambertville.

13.     VitaMedica purposefully availed itself of the privilege of conducting business in Michigan by offering its products for sale to Michigan residents and, on information and belief, selling those products to Michigan residents and shipping those products to Michigan.

14.     Venue is proper in this Court pursuant to 28 USC § 1391(b).

## GENERAL ALLEGATONS

15.     Biopelle is engaged in the business of formulating, marketing, distributing, and selling extremely high-quality cosmetic and dermatological products.

16.     One of Biopelle's skincare product lines is called Auriderm.

17.     Auriderm products include oral and topical formulations used to prevent and speed recovery of bruising and other skin damage.

18.     Biopelle controls the intellectual property rights for the Auriderm product line, including copyright, trademark, trade dress, and patent rights, in the United States of America.

19.     Biopelle's Auriderm products are skincare products sold by Biopelle directly to dermatologists and plastic surgeons.

20.     Biopelle offers Auriderm products for sale to dermatologists, plastic surgeons, and other skincare professionals throughout the United States.

21.     VitaMedica sells a line of products called "Homeopathic Arnica Montana" and "Topical Anti-Bruising Cream."

22.     VitaMedica products are offered for sale directly to consumers online at vitamedica.com, as well as to dermatologists, plastic surgeons, and other skincare professionals.

## VITAMEDICA'S FALSE AND MISLEADING ADVERTISEMENTS AND COMPARISON TO AURIDERM

23.     On its website, vitamedica.com, VitaMedica posted an infographic advertisement titled "Auriderm vs. VitaMedica." (Exhibit C).

24.     VitaMedica also distributed the advertisement in print form to at least one physician.

25.     In this advertisement, VitaMedica purportedly compares its products to Biopelle's Auriderm products and makes many representations and statements regarding the efficacy, packaging and content of Auriderm products.

3

26.     Exhibit C is intended by VitaMedica to be an advertisement for its products and is accessible by any consumer who visits VitaMedica's website.

27.     Exhibit C asserts, both expressly and impliedly, that Biopelle's products are either non-conforming, defective, are of inferior grade or quality and are inferior to VitaMedica' s products.

28.     Many of the statements in the advertisement (Exhibit C) are false and/or deliberately misleading.

29.     In the section labeled "DISTRIBUTION," VitaMedica claims that Auriderm is "distributed primarily through medical spas but also to cosmetic derms, plastics, and facial plastics."

30.     *The truth is that Auriderm is distributed primarily to dermatologists and plastic surgeons.*

31.     In the section labeled "RECOVERY SOLUTIONS," VitaMedica describes Auriderm as a "Vitamin K cream."

32.     *The truth is that Auriderm contains "Vitamin K Oxide," not "Vitamin K." The difference is significant, as described in a published study on Auriderm, showing that Vitamin K Oxide is more effective and more stable than Vitamin K (Karavani, 2004). A subsequent double-blind, split-face placebo controlled clinical study confirmed these findings (Cohen, 2009). By referring to Auriderm as merely a "Vitamin K Cream" instead of the accurate "Vitamin K Oxide" denigrates the product by failing to highlight its unique quality and greater efficacy. Furthermore, Auriderm is a gel, not a cream. Gels have greater absorption and bioavailability than creams.*

33.     In the section labeled "TOPICAL FORMULATION," VitaMedica claims that Auriderm is a "Nanosome formulation that includes: Vitamin K for bruising."

34.     *The truth is that Auriderm contains Vitamin K Oxide which is more effective and more stable than Vitamin K. Auriderm also contains Vitamin E to help reduce vascular*

4

*permeability, edema, and swelling, and Vitamin C to strengthen capillaries and improve microcirculation and Oleic acid to help soothe and refresh the skin. Furthermore, it has been shown (Braughler 1986 and Halliwell 1992) that Vitamin C and Vitamin E act synergistically to reduce the ferric ion in hemosiderin to a ferrous ion, thereby making the Vitamin K Oxide even more effective. By omitting these ingredients, VitaMedica misleadingly implies that Auriderm's formulation is inferior to VitaMedica's when it is not.*

35.     In the section labeled "TOPICAL APPLICATION," VitaMedica claims that Auriderm is available in a "0.35 oz. tube (10g)."

36.     *The truth is that Auriderm is also available in a three-pack of 10 gram tubes, so the total amount of gel available in that retail package is 30 grams.*

37.     In the section labeled "PACKAGING," VitaMedica describes its own packaging as "high-end, medical yet aesthetic metallic green and metallic silver packaging" and Auriderm's packaging as "purple & white packaging."

38.     *Auriderm's packaging would more correctly be described as "High-end medical, yet aesthetic, purple and white packaging."*

39.     In the advertisement, VitaMedica claims that ". . . each VitaMedica product covers a longer recovery period (2-3 weeks) than competitive brands (Auriderm covers just 5 days)."

40.     *The truth is that the Auriderm post-procedural relief kit contains 5 days of arnica montana but over 10 days of the Vitamin K Oxide gel. In addition, the 30 gram package contains over a month of Vitamin K Oxide gel. Furthermore, the Cohen clinical study showed complete clearing of bruising within 10 days. Thus, VitaMedica covers a longer recovery period because the skin takes longer to recovery with VitaMedica than it does with Auriderm.*

5

41.     The statements in VitaMedica' s advertisement (Exhibit C) are both literally false, and, also, to the extent there are any ambiguities, said ambiguities have a tendency to confuse even sophisticated consumers.

42.     Biopelle notified VitaMedica of the false and misleading statements set forth above in a letter dated December 9, 2015, sent via email, fax, and certified mail. (Exhibit D).

43.     VitaMedica responded on December 10, 2015, that its "legal team" was reviewing Biopelle's letter.

44.     On December 21, 2015, VitaMedica responded via email that it "disagreed" with Biopelle's position on the advertisement and product comparison.

45.     As of the date herein, the advertisement is still accessible on VitaMedica's website. (See Exhibit E, http://www.vitamedica.com/wp-content/uploads/2014/07/Auriderm-vs.-VitaMedica.pdf, Advertisement Link, last accessed January 12, 2016).

## COUNT I
## VIOLATIONS OF THE LANHAM TRADEMARK ACT
## 15 USC § 1125

46.     Biopelle incorporates and re-alleges the foregoing allegations, paragraph by paragraph, as if fully stated herein.

47.     The Lanham Trademark Act proscribes false statements or representations that are made in commercial advertising or promotion, are likely to deceive consumers, and are likely to cause injury to the plaintiff.

48.     The Lanham Trademark Act, 15 USC § 1125(a) provides in relevant part:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device,

or any combination thereof, or any false designation of origin, false or misleading
description of fact, or false or misleading representation of fact, which--

> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the
> affiliation, connection, or association of such person with another person,
> or as to the origin, sponsorship, or approval of his or her goods, services, or
> commercial activities by another person, or

> **(B)** in commercial advertising or promotion, misrepresents the nature,
> characteristics, qualities, or geographic origin of his or her or another
> person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is
likely to be damaged by such act.

49.     The statements and representations made in VitaMedica's advertisement (Exhibit
C) contain false and misleading statements of fact.

50.     The statements and representations made in VitaMedica's advertisement (Exhibit
C) contain false and misleading descriptions of fact.

51.     As described above and in Exhibit D, the false and/or misleading statements in the
advertisement misrepresent the nature, characteristics, and qualities of Biopelle's goods, namely
the Auriderm products.

52.     As direct and proximate result of VitaMedica's wrongful acts and omissions, and
the false and misleading statements made in VitaMedica's advertisement, Biopelle has suffered
and will continue to suffer irreparable injury and damages, both non-monetary and monetary.

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its
favor and against VitaMedica and grant the following relief:

a.      Order that VitaMedica must pay Biopelle's lost profits;

b.      Order that VitaMedica must pay Biopelle's damage control expenses;

c.      Award to Biopelle VitaMedica's disgorged profits from products sold using the false and misleading advertisement;

d.      Award Biopelle its actual costs and attorney's fees incurred in bringing this action;

e.      Award Biopelle any other damages, remedies, and relief recoverable pursuant to the Lanham Trademark Act; and

e.      Award Biopelle such other and further relief as is consistent with equity and good conscience.

**COUNT II**
**VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT**
**MCL § 445.903**

53.      Biopelle incorporates and re-alleges the foregoing allegations, paragraph by paragraph, as if fully stated herein.

54.      The Michigan Consumer Protection Act prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce."

55.      The Michigan Consumer Protection Act prohibits trade practices, including advertisements, "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." MCL § 445.903(1)(e).

56.      The Michigan Consumer Protection Act prohibits trade practices, including advertisements, "[d]isparaging the goods, services, business, or reputation of another by false or misleading representation of fact." MCL § 445.903(1)(f).

57.      The Michigan Consumer Protection Act prohibits trade practices, including advertisements, "[f]ailing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer." MCL § 445.903(1)(s).

8

58.     The statements and representations made in VitaMedica's advertisement (Exhibit C) contain false and misleading statements of fact representing that VitaMedica's products are of a certain superior quality, when they are not.

59.     The statements and representations made in VitaMedica's advertisement (Exhibit C) contain false and misleading statements of fact representing that Biopelle's products are of a certain inferior quality, when they are not.

60.     The statements and representations made in VitaMedica s advertisement (Exhibit C) contain false and misleading statements of fact disparaging Biopelle's products, services, goods, and reputation.

61.     The statements and representations made in VitaMedica' s advertisement (Exhibit C) contain fail to include material facts regarding the ingredients, efficacy, quantity, and quality of Biopelle's products, such omissions tend to cause confusion to consumers, and the omitted facts could not be reasonably known by the consumer.

62.     As described above and in Exhibit D, the false and/or misleading statements and omissions in the advertisement misrepresent the nature, characteristics, and qualities of Biopelle's goods, namely the Auriderm products.

63.     As direct and proximate result of VitaMedica's wrongful acts and omissions, and the false and misleading statements made in VitaMedica's advertisement, Biopelle has suffered and will continue to suffer irreparable injury and damages, both non-monetary and monetary.

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its favor and against VitaMedica and grant the following relief:

a.     Order that VitaMedica must pay Biopelle's lost profits;

b.     Order that VitaMedica must pay Biopelle's damage control expenses;

9

c.     Award to Biopelle VitaMedica's disgorged profits from products sold using the false and misleading advertisement;

d.     Award Biopelle its actual costs and attorney's fees incurred in bringing this action;

e.     Award Biopelle any other damages, remedies, and relief recoverable pursuant to the Michigan Consumer Protection Act; and

e.     Award Biopelle such other and further relief as is consistent with equity and good conscience.

## COUNT III
## DEFAMATION

64.     Biopelle incorporates and re-alleges the foregoing allegations, paragraph by paragraph, as if fully stated herein.

65.     The false and misleading statements in VitaMedica's advertisement (Exhibit C) contain both false and defamatory statements concerning Biopelle and its product, Auriderm.

66.     By posting the advertisement on its website, VitaMedica published these statements to anyone in the world with access to the internet.

67.     VitaMedica was not acting pursuant to or under any statutory or common law privilege when it published the defamatory statements.

68.     VitaMedica intended for its advertisement to be viewed by any and all prospective and current customers, including individual consumers, plastic surgeons, dermatologists, and other skincare professionals.

69.     The false and misleading information in the advertisement was known to VitaMedica, reasonably should have been known to VitaMedica as a member of the industry, or could have been easily discovered by VitaMedica with even cursory examination or research.

70.     Despite the ease with which VitaMedica could have discovered the truth about the false statements in the advertisements, the true information would not have been readily available to consumers.

71.     VitaMedica made these statements with actual malice, intending to disparage and defame Biopelle and its products, and to make VitaMedica's products appear to be of a superior grade and quality when they are not.

72.     Biopelle is a for-profit corporation.

73.     The defamatory statements made by VitaMedica in its advertisement tend to prejudice Biopelle in the conduct of its business.

74.     The defamatory statements made by VitaMedica in its advertisement tend to deter other businesses, individual consumers, and other customers from dealing with Biopelle and/or purchasing Biopelle's products.

75.     As a direct and proximate result of the defamatory statements made in VitaMedica's advertisement, Biopelle has suffered irreparable injury and damages, both non-monetary and monetary.

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its favor and against VitaMedica and grant the following relief:

a.      Order that VitaMedica must pay Biopelle's lost profits;

b.      Order that VitaMedica must pay Biopelle's damage control expenses;

c.      Award Biopelle its costs and attorney's fees incurred in bringing this action;

d.      Order that VitaMedica publish a retraction; and

d.      Award Biopelle such other and further relief as is consistent with equity and good conscience.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY AND/OR PROSPECTIVE BUSINESS ADVANTAGE

76.     Biopelle incorporates and re-alleges the foregoing allegations, paragraph by paragraph, as if fully stated herein.

77.     Biopelle has an existing valid business relationship with its customers, including dermatologists and plastic surgeons.

78.     Biopelle has a valid business expectancy with dermatologists and plastic surgeons who use or may use topical and oral anti-bruising and swelling products and other skincare products with their patients.

79.     VitaMedica has knowledge of Biopelle's relationships with dermatologists, plastic surgeons, and other skincare and medical professionals.

80.     VitaMedica has knowledge of Biopelle's business expectancy with dermatologists, plastic surgeons, and other skincare and medical professionals.

81.     VitaMedica intended for its advertisement to terminate Biopelle's business relationships and expectancies.

82.     Biopelle has lost an unknown number of customers and an unknown amount of profits as a result of VitaMedica's false and misleading advertisement.

83.     VitaMedica's false and misleading advertisement was published in violation of the Lanham Trademark Act and the Michigan Consumer Protection Act, and the advertisement constitutes defamation as defined by Michigan case law.

84.     As a direct and proximate result of the VitaMedica's intentional wrongdoing and tortious acts, Biopelle has suffered irreparable injury and damages, both non-monetary and monetary.

12

85.     VitaMedica has caused injury to Biopelle's reputation, customer good will, and profits.

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its favor and against VitaMedica and grant the following relief:

a.     Order that VitaMedica must pay Biopelle's lost profits;

b.     Order that VitaMedica must pay Biopelle's actual costs and attorney's fees incurred in bringing this action; and

c.     Award Biopelle such other and further relief as is consistent with equity and good conscience.

## COUNT IV
## INJUNCTIVE RELIEF

86.     Biopelle incorporates and re-alleges the foregoing allegations, paragraph by paragraph, as if fully stated herein.

87.     VitaMedica's advertisement (Exhibit C) continues to cause irreparable harm to Biopelle.

88.     VitaMedica's advertisement will continue to cause irreparable harm to Biopelle for as long as it is accessible to the public online, in print, or in any other form.

89.     This Court may enjoin VitaMedica from using the advertisement (Exhibit C) and order VitaMedica to cease publication of the advertisement pursuant to 15 USC § 1116.

90.     Biopelle has already suffered immediate and irreparable harm as a result of VitaMedica's wrongful acts, and will continue to suffer and incur damages without an injunction.

91.     Biopelle is likely to succeed on the merits of its claims.

92.     The harm to Biopelle if the injunction is denied substantially outweighs any potential harm to VitaMedica.

13

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its favor and against VitaMedica and grant the following relief:

a.    Order that VitaMedica must remove the advertisement from its website immediately;

b.    Order that VitaMedica must destroy any print forms of the advertisement that may exist and submit proof of destruction to Biopelle;

c.    Enjoin VitaMedica from re-posting the advertisement online and from publishing or distributing the advertisement or its contents in any form;

d.    Order that VitaMedica publish a retraction, approved by Biopelle; and

e.    Award Biopelle such other and further relief as is consistent with equity and good conscience.

## PRAYER FOR RELIEF

WHEREFORE, Biopelle respectfully requests this Honorable Court enter judgment in its favor and against VitaMedica and grant the following relief:

a.    Order that VitaMedica must pay Biopelle's lost profits;

b.    Order that VitaMedica must pay Biopelle's damage control expenses;

c.    Order that VitaMedica disgorge its profits from products sold using the false and misleading advertisement and pay such disgorged profits to Biopelle;

d.    Order that VitaMedica must pay Biopelle s actual costs and attorney's fees incurred in bringing this action;

e.    Award Biopelle any other damages, remedies, and relief recoverable pursuant to the Michigan Consumer Protection Act and/or the Lanham Trademark Act; and

14

f.   Order that VitaMedica must remove the advertisement from its website immediately;

g.   Order that VitaMedica must destroy any print forms of the advertisement that may exist and submit proof of destruction to Biopelle;

h.   Enjoin VitaMedica from re-posting the advertisement online and from publishing or distributing the advertisement or its contents in any form;

i.   Order that VitaMedica publish a retraction, approved by Biopelle; and

j.   Award Biopelle such other and further relief as is consistent with equity and good conscience.

Dated: 1/26/16

Respectfully submitted,
JOELSON ROSENBERG, PLC

By:/s/David W. Warren
David Warren (P32449)
Emily R. Warren (P76675)
Attorneys for Plaintiff
30665 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 855-2233; f (248) 855-2388
dwarren@jrlawplc.com
ewarren@jrlawplc.com

VERIFICATION

The undersigned, being first duly sworn, deposes and states as follows:

1. He is an authorized representative of Plaintiff Biopelle Inc., he has personal knowledge of the facts herein and is competent to so testify.

2. He has read the foregoing Complaint against VitaMedica Corporation and the factual allegations contained therein are true to the best of his knowledge, information and belief.

3. Further deponent sayeth not.


Biopelle Inc.

By: _____

Elliott Milstein, its authorized representative.

SWORN AND SUBSCRIBED before me the day and year above written, January 25, 2016

SUSAN C. BROHMAN
Notary Public, State of Michigan
County of Oakland
My Commission Expires 08-09-2017
Acting in the County of Oakland

_Susan C Brohman_
Notary Public

Printed Name: _Susan C Brohman_
Commission Expires: _08/09/2017_

16

## LIST OF EXHIBITS

Exhibit A:      Shipping Information, vitamedica.com

Exhibit B:      Physician Locater, vitamedica.com

Exhibit C:      "Auriderm vs. VitaMedica" Advertisement

Exhibit D:      Letter to VitaMedica, December 9, 2015

Exhibit E:      Advertisement Link, vitamedica.com